UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LILLIAM S. TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:08-cv-1910-N |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on October 28, 2008. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On March 4, 2005, plaintiff Lilliam Soto Torres ("Plaintiff" or "Torres") filed an application for disability insurance benefits claiming disability due to muscle spasms, back pain, anxiety, and depression. (Administrative Record (hereinafter "Tr.") at 30, 75, 265-267). She alleged a disability onset date of January 2, 2002. (Tr. 29).

Her claim was denied by the state agency initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ conducted a hearing on March 4, 2008, at which Plaintiff appeared with counsel and testified on her own behalf. (Tr. 29, 261-299). The ALJ also received the testimony of Torres' daughter, Ms. Nellim Heredia, medical expert ("ME") Dr. John Simonds, M.D., and vocational expert ("VE") Dr. Shelly Eike, Ph.D. In his decision issued on March 28, 2008, the ALJ found that her affective disorder, back

pain, and neck pain were severe impairments and that she could not perform her past relevant work as a civil service clerk, but that she retained the capacity to perform a significant number of jobs in the national economy, including small products assembler, machine tender, or small parts inspector. (Tr. 33-34). As a result, the ALJ denied Plaintiff's request for benefits. (Tr. 34). Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on September 4, 2008, the Appeals Council denied her request for review. (Tr. 18-21). The ALJ's decision therefore became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on October 28, 2008. Defendant filed an answer on January 7, 2009. On March 2, 2009, Plaintiff filed her brief, followed by Defendant's brief on April 27, 2009. On May 5, 2009, Plaintiff filed her reply.

Standard of Review - Social Security Claims: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d at 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they

are conclusive. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).

  <u>Discussion</u>: To prevail on a claim for disability insurance benefits, a claimant bears the burden of establishing that she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505. Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

  The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). This burden may be satisfied by expert vocational testimony or other similar evidence. *See*, *e.g.*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

  In the present case, the ALJ proceeded to step five. He noted that Torres was 43 years old at the time of his decision, had a high school education obtained in Spanish, attended college for two years, and had past relevant work as a civil service clerk. (Tr. 30, 33). He found that Torres has affective disorder and back and neck pain, that she is unable to perform her past

3

relevant work as a civil service clerk, and that she has the residual functional capacity (RFC) for light work, "reduced by no more than occasional extension of the neck; no more than frequent [as opposed to continuous] use of the upper extremities; and no work in crowds[;] with simple oral instructions in English." (Tr. 33). The ALJ posed a hypothetical to the VE including the above limitations, and in response to which Ms. Eike related that Ms. Torres would be capable of performing the job duties of small products assembler, machine tender, or small parts inspector. (Tr. 32-33). The ALJ accepted the VE's testimony as consistent with the occupational information contained in the Dictionary of Occupational Titles (DOT), and found, at step five, that Torres was capable of making a successful adjustment to work that existed in significant numbers in the national economy. (Tr. 33). The ALJ therefore concluded that Torres was not under a disability and denied her claim for benefits. *Id*.

Plaintiff alleges two errors on the part of the ALJ. First she argues that he failed to accord sufficient weight to the opinions of Dr. Olivo and Dr. Roman. Second she argues the ALJ's credibility finding contains error. For the reasons discussed below, the Court finds the ALJ's decision and findings are supported by substantial evidence in the record and the correct legal standards were applied.

First, Plaintiff argues that the ALJ describes Dr. Olivo's letter dated August 1, 2006, but does not assign any weight to Dr. Olivo's opinion. (Tr. 31; Pl. Br. 6). The ALJ provided a description of the objective medical evidence, diagnoses and opinions, and Plaintiff's subjective evidence and his analysis of the same in reaching his determination. (Tr. 31-33). His opinion described Dr. Olivo's letter, indicating the doctor had been treating Torres since June 10, 2003, and that the doctor opined that Torres was disabled due to her affective disorder. (Tr. 31).

4

"[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); see also *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994).  Regarding Plaintiff's mental impairments, the ALJ stated, to wit: "The record is inconsistent regarding depression, and I find no instance of psychosis." (Tr. 32).  Moreover, Dr. Olivo's statement that Torres was disabled due to her affective disorder is a legal conclusion as opposed to a medical opinion.  The determination that a claimant is unable to work is a legal conclusion reserved exclusively to the Commissioner. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003); *see also* § 404.1527(e)(1).

   Plaintiff further argues "[t]he ALJ did not address Dr. Roman's opinion at all." (Pl. Br. 6-7).  Dr. Roman's records consist of medical records dated March 11, 2008 and a medical assessment of ability to do work-related activities (mental), dated March 18, 2008.  Plaintiff last met the special earnings requirements of Title II on June 30, 2007; over eight months prior to her first visit with Dr. Roman. (Tr. 29, 87, Pl. Br. 5).[1]  As Defendant points out, Dr. Roman's discussion of Torres' symptoms prior to June 30, 2007, is limited to noting a "history of aggressive behavior" beginning in 2003 and noting that she saw two psychologists in Puerto Rico. (Tr. 5-17; Def. Br. 14).  The remainder of the assessment deals with Torres' condition in 2008. *Id*.  The AC addressed Dr. Roman's reports and added them to the record, concluding the

---

[1] Regarding the submission of medical records that postdate Torres' eligibility for insured status, evidence showing the degeneration of her condition after the date her insured status expired is not relevant to the Secretary's analysis. *Torres v. Shalala*, 48 F.3d 887, 894, n.12 (5th Cir. 1995).  To be entitled to a period of disability under Title II, Torres' disability must be shown to have begun as of or prior to June 30, 2007.  42 U.S.C. §§ 416(i)(3) and 423(c)(1).  An impairment "which had its onset or became disabling" after that date cannot serve as the basis for a finding of disability. *Owens v. Heckler*, 770 F.2d 1276, 1280 (5th Cir., 1985); *see also Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir.), *cert. denied*, 444 U.S. 952, 100 S.Ct. 428, 62 L.Ed.2d 323 (1979).

5

evidence did not warrant changing the ALJ's decision or its denial of Torres' request for review. (Tr. 4). The Court agrees with the findings of the Appeals Council. The records of Dr. Roman are a result of Plaintiff's first office visit with the doctor, and consist primarily of a checklist-style form in which Dr. Roman makes consultative diagnoses which are not supported by clinical or laboratory findings.  *See, e.g., Greenspan v. Shalala*, 38 F.3d 232, 237 (5th. Cir. 1994); *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999); *see also Leggett v. Chater*, 67 F.3d 558, 566 (5th Cir. 1995) (rejecting an "isolated, conclusory statement" of a treating physician when considered in conjunction with other opinions, objective medical evidence and claimant's own testimony).

In determining whether substantial evidence of disability exists, the court weighs four factors: objective medical evidence, diagnoses and opinions, the plaintiff's subjective evidence of pain and disability, and the plaintiff's age, education, and work history. *Perez*, *supra*, 415 F.3d at 462. On review of the Social Security Commissioner's decision to deny disability benefits, a finding of no "substantial evidence" to support the decision is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez*, 415 F.3d at 461. In this case, the ALJ considered the objective medical evidence, diagnoses and opinions, plaintiff's age, education, and work history, and plaintiff's subjective evidence in reaching his determination. (Tr. 19-24). His findings of fact are supported by substantial evidence.

Second, Torres argues the ALJ's credibility finding contains error. In his decision, the ALJ stated that he did not find Torres' subjective testimony to be credible, to wit: "I did not

find the claimant's testimony very credible.  The record is inconsistent regarding depression, and I find no instance of psychosis.  The claimant appears to function well, caring for her family and for herself, and even driving herself to appointments.  The claimant's testimony that she spends all of her time going to doctor's appointments is certainly not borne out by the medical record, which actually shows sparse visits." (Tr. 32).

"It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). The determination whether a claimant is able to work despite some pain "is within the province of the administrative agency and should be upheld if supported by substantial evidence." *Id*.  Moreover, pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994). In the Fifth Circuit, an ALJ must give reasons for rejecting a claimant's subjective testimony only where the evidence clearly favors the claimant. *Id*.

In a Function Report dated June 4, 2005, under "Section B- Information About Daily Activities", Torres was asked to "[d]escribe what you do from the time you wake up until going to bed." She responded "[w]hen I feel fair and I'm in the mood I do some of the house chores like washing and cooking; most of the times [*sic*] they are done by both of my daughters." (Tr. 111).  She stated she prepares meals weekly but her daughter cooks frequently; she cleans and washes laundry with "help from the family and motivation"; she shops for clothes, shoes and groceries; and sometimes goes out alone, but most of the time goes out with her husband. (Tr. 115-116). An August 16, 2005 Mental RFC checklist form was completed by consultative examiner Dr. Manuel Rivero, M.D. (Tr. 194-197). The assessment found Plaintiff to be "not

7

significantly limited" in sixteen out of twenty subcategories, and "moderately limited" in the other four subcategories. *Id*. The ALJ properly exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate limitations into his RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco*, 27 F.3d at 164. Therefore, the ALJ's RFC determination is supported by substantial evidence.

Plaintiff alleges the ALJ failed to apply the correct legal standard, as evidenced by a lack of reference to either Social Security Ruling 96-7p or *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) in his decision. In *Stone*, the Fifth Circuit was concerned that too many claimants were being found "not disabled" at an early stage, at step 2 of the evaluation process. *Id*. at 1101-1102. The Court stated that in the future the Fifth Circuit will "assume that the ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to this opinion or another of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Id*. at 1106. In this case, unlike the facts presented in *Stone*, the ALJ found that Plaintiff's affective disorder was a severe impairment, and proceeded to find, at step five of the evaluation process, that Plaintiff's severe impairments would not prevent her from performing other work. *See Lopez v. Bowen*, 806 F.2d 632, 634 n.1 (5th Cir., 1986). The ALJ applied the correct legal standard, and his credibility analysis is supported by substantial evidence.

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and judgment DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 29th day of July, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE</u>

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.